UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES LOGUE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  CV04-S-1220-NE |
| | ) |
| **DR. LYRENE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on July 2, 2007, recommending that the defendants' motions for summary judgment be granted and this cause be dismissed with prejudice. The plaintiff filed objections to the report and recommendation on July 19, 2007.  (Doc. No. 55).

The plaintiff specifically takes issue with the magistrate judge's finding that his claims against Defendant Windham concerning the plaintiff's May 20, 2002, hernia repair surgery are barred by the statute of limitations. The plaintiff argues that, "simply because [he] felt pain and knew something was wrong did not begin the running of the limitations period . . . ." He further alleges that the defendants misrepresented his medical condition and, therefore, hindered his ability to discover that a cause of action existed.

In *Mullinax c. McElhenney*, 817 F.2d 711 (11th Cir. 1987), the Eleventh Circuit Court of Appeals stated the general rule for determining when a § 1983 claim accrues:

> [T]he statute [of limitations for a § 1983 claim] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.

*Id*. at 716 (internal citations omitted).

Plaintiff's assertions that he was not aware of his alleged injuries until May 29, 2003, and that the defendants' misrepresentations hindered his ability to timely file suit are without merit. Not only does the plaintiff state that, following the hernia repair surgery by Dr. Windham, he "knew . . . something was horribly wrong" and "immediately started hurting," but he also repeatedly complained to the defendants that he was experiencing severe abdominal pain, could barely walk, straighten up, or lie supine. Furthermore, it is undisputed that the plaintiff: (1) complained to Dr. Simon on June 7, 2002, that he thought the surgeon (defendant Windham) did something wrong because he stomach hurt; (2) asked Dr. Simon for a second opinion of Dr. Windham's diagnosis on November 15, 2002; and (3) refused to see Dr.

Windham on December 19, 2002, "because I knew he would not admit his mistakes." Therefore, plaintiff's own admissions contradict his claim that he did not know of Dr. Windham's alleged wrongful repair of his hernia until May 29, 2003. His admissions further indicate that he was, in fact, no longer relying on defendants' alleged misrepresentations before the end of calendar year 2002.

Moreover, even if the court could reason that the plaintiff's § 1983 claims against Dr. Windham did not begin to accrue until May 29, 2003, the plaintiff has failed to show that Dr. Windham was deliberately indifferent to his serious medical condition. While the plaintiff clearly disagreed with Dr. Windham's assessment of his medical condition, a difference of opinion between a physician and the inmate as to the inmate's medical diagnosis and course of treatment does not state a claim under the Eighth Amendment. *See, e.g., Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). To the extent plaintiff claims that Dr. DeWitt found that the mesh in plaintiff's abdomen had adhered to his intestines (although Dr. Windham insisted nothing was wrong with plaintiff) plaintiff has stated, at most, a claim that Dr. Windham was negligent in diagnosing the plaintiff's condition. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment and does not state a claim for relief under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Furthermore, there can be no claim against Dr. Windham for medical malpractice under § 1983.  *See McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be, and it hereby is ADOPTED, and his recommendation is ACCEPTED.  The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE.  A Final Judgment will be entered.

DONE this 7th day of August, 2007.

_____
United States District Judge